**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas (Houston)

Case number (*If known*): ____________ Chapter 11

❑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   Leslie's, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   20-8397425

4. **Debtor's address**

   **Principal place of business**

   2005 East Indian School Road
   Number Street

   Phoenix AZ 85016
   City State ZIP Code

   County

   **Mailing address, if different from principal place of business**

   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number Street

   City State ZIP Code

5. **Debtor's website** (URL)

   https://lesliespool.com/

Debtor Leslie's, Inc. Case number (*if known*)____________
Name

**6. Type of debtor**

- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ____________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ■ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 5 9 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ■ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ■ No
- ☐ Yes. District ____________ When ____________ Case number ____________
  MM / DD / YYYY
  District ____________ When ____________ Case number ____________
  MM / DD / YYYY

Debtor Leslie's, Inc. Case number (if known) ______________________
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

❑ No
■ Yes. Debtor See Schedule 1 Relationship Affiliate
District Southern District of Texas (Houston) When ____________ MM / DD / YYYY
Case number, if known ______________________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

❑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
❑ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

❑ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? ______________________

❑ It needs to be physically secured or protected from the weather.

❑ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

❑ Other ______________________

**Where is the property?** ______________________
Number Street

______________________

______________________ ______ ______
City State ZIP Code

**Is the property insured?**

❑ No
❑ Yes. Insurance agency ______________________

Contact name ______________________

Phone ______________________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
❑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ❑ 1,000-5,000 | ❑ 25,001-50,000 |
| ❑ 50-99 | ❑ 5,001-10,000 | ❑ 50,001-100,000 |
| ❑ 100-199 | ❑ 10,001-25,000 | ❑ More than 100,000 |
| ❑ 200-999 | | |

Debtor Leslie's, Inc.
Name

Case number (*if known*)

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ■ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** | ■ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/30/2026
MM / DD / YYYY

✘ /s/ Jeffrey White
Signature of authorized representative of debtor

Jeffrey White
Printed name

Title Chief Financial Officer and Treasurer

**18. Signature of attorney**

✘ /s/ Charles A. Beckham, Jr.
Signature of attorney for debtor

Date 09/30/2026
MM / DD / YYYY

Charles A. Beckham, Jr.
Printed name

Haynes and Boone, LLP
Firm name

1221 McKinney Street, Suite 4000
Number Street

Houston
City

TX
State

77010
ZIP Code

(713) 547-2000
Contact phone

charles.beckham@haynesboone.com
Email address

02016600
Bar number

Texas
State

## Schedule 1

Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "**Court**"). The Debtors will file a motion with the Court requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas.

| Debtor Name | Federal Tax Id Number |
|---|---|
| Cortz, Inc. | 36-3214386 |
| Horizon Spa & Pool Parts, Inc. | 82-5175634 |
| Hot Tub Works, LLC | 80-0872445 |
| Leslie's Poolmart, Inc. | 95-4620298 |
| Leslie's, Inc. | 20-8397425 |
| LPM Manufacturing, Inc. | 95-4598457 |
| Pool Parts, Inc. | 80-0771365 |
| RAM Chemical & Supply, Inc. | 76-0067427 |
| SPP Holding Corporation | 20-8903700 |
| Stellar Manufacturing, LLC | 88-3891135 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LESLIE'S, INC. | ) | Case No. |
| | ) | |
| Debtor. | ) | |

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 001-39667.

2. The following financial data is the latest available information and refers to the debtor's condition **on a consolidated basis** on 07/04/2026.

a. Total assets $ 722,192,000

b. Total debts (including debts listed in 2.c., below) $ 1,214,930,000

c. Debt securities held by more than 500 holders

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ______ | ______ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ______ | ______ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ______ | ______ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ______ | ______ |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ ______ | ______ |

d. Number of shares of preferred stock 0
e. Number of shares common stock 9,365,475

Comments, if any: ______

3. Brief description of debtor's business: ______

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
Jane Street Group, LLC (5.9%)

***Execution Version***

**OMNIBUS ACTION**
**BY UNANIMOUS WRITTEN CONSENT OF**
**THE BOARDS OF DIRECTORS AND BOARDS OF MANAGERS, AS APPLICABLE, OF EACH OF THE ENTITIES LISTED ON SCHEDULE I HERETO**

**September 29, 2026**

The undersigned, being all the members of the respective board of directors or board of managers (each, a "Board" and, collectively, the "Boards"), as applicable, of each entity listed on **Schedule I** attached hereto (each, a "Company," and, collectively, the "Companies"), hereby take the following actions and adopt and approve the following resolutions by written consent (this "Consent") in lieu of holding a meeting of the Boards, pursuant to each Company's bylaws, articles of incorporation, or other applicable governing documents (as amended and restated, collectively, the "Governing Documents") and the laws of the state in which each Company is organized or incorporated, as applicable:

**WHEREAS**, the Boards have duly considered certain materials presented by, or on behalf of, each Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding each Company's liabilities, obligations, and liquidity, the strategic and financial alternatives available to the Companies, and the impact of the foregoing on the Companies' business and operations;

**WHEREAS**, the Boards have reviewed and considered presentations by Management and the Advisors regarding that certain restructuring support agreement (including all exhibits and schedules thereto and as may be amended, supplemented, or otherwise modified from time to time, the "Restructuring Support Agreement");

**WHEREAS**, the Boards have reviewed and considered: (a) the Restructuring Support Agreement; (b) the filing of voluntary petitions for relief (collectively, the "Petitions") for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") pursuant to each Company's Governing Documents, as applicable, and the applicable laws of the state in which each Company is organized (the "Chapter 11 Filing"); (c) the debtor-in-possession financing facilities (the "DIP Facilities") contemplated in connection therewith; and (d) the retention of professionals in connection with the foregoing;

**WHEREAS**, pursuant to that certain *Action by Unanimous Written Consent of the Board of Directors of Leslie's, Inc.*, dated January 6, 2026 (the "Transaction Subcommittee Consent"), the Board of Leslie's, Inc., in an exercise of its business judgment, established a subcommittee (the "Transaction Subcommittee") comprising John Strain, Maile Naylor, Susan O'Farrell, and Jason McDonell, and delegated to the Transaction Subcommittee the authority to take any and all actions with respect to any review, discussion, consideration, deliberation, examination, analysis, assessment, evaluation, exploration, response, and negotiation on behalf of Leslie's, Inc. with respect to any Transaction (as defined in the Transaction Subcommittee Consent) and to act on behalf of and bind Leslie's, Inc. in connection therewith, including, without limitation, taking any

and all actions to negotiate, resolve, abide by, and implement the decisions and actions of the Transaction Subcommittee with respect to any Transaction;

**WHEREAS**, pursuant to the Transaction Subcommittee Consent, the Board of Leslie's, Inc. delegated to the Transaction Subcommittee the authority to, on behalf of the Board of Leslie's, Inc. (a) consult with Management and the Advisors with respect to discussions and negotiations regarding the terms and conditions of any Transaction and other communications regarding any such Transaction and (b) take any other action as the Transaction Subcommittee may deem necessary or desirable in connection with the foregoing or such other matters as may be requested by Leslie's, Inc. or the Board thereof;

**WHEREAS**, the Transaction Subcommittee has had the opportunity to consult with the Advisors and review the chapter 11 preparation materials provided thereby and, in accordance with its good faith business judgment of the best interests of Leslie's, Inc., approves and recommends the adoption of this Consent and that Leslie's, Inc. take the actions set forth herein;

**WHEREAS**, in each Board's business judgment of the best interests of each respective Company, each Board has determined that it is advisable and in the best interests of each Company and their respective stakeholders to: (a) enter into the Restructuring Support Agreement; (b) file Petitions commencing the Chapter 11 Filing; (c) incur debtor-in-possession financing in connection therewith; and (d) retain professionals in connection with the foregoing; and

**NOW, THEREFORE, BE IT RESOLVED**, that, pursuant to the Governing Documents, in each Board's business judgment, it has determined that the following resolutions are advisable and in the Companies' best interest:

**Entry into Restructuring Support Agreement**

**RESOLVED**, that each Company's entry into the Restructuring Support Agreement and each Company's performance of its obligations under the Restructuring Support Agreement each be, and hereby is, authorized, approved, and ratified in all respects;

**FURTHER RESOLVED**, that, in accordance with the Restructuring Support Agreement, each Company's executive officers (each, an "Authorized Officer", and collectively, the "Authorized Officers"), in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed with full power of delegation, in the name and on behalf of each respective Company, to take and perform any and all further acts and deeds that such Authorized Officer deems required, necessary, appropriate, desirable, or advisable in connection with the Restructuring Support Agreement and the transactions contemplated thereby, including (a) paying fees, expenses, and taxes; (b) negotiating, executing, delivering, performing, and filing any and all additional documents, schedules, statements, motions, pleadings, applications, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with, or in furtherance of, the Restructuring Support Agreement and the transactions contemplated thereby (such acts to be conclusive evidence that any such Authorized Officer deemed the same to meet such standard); (c) making any necessary disclosures in connection with entry into the Restructuring Support Agreement; (d) engaging and negotiating with additional stakeholders to secure their support for the transactions contemplated by the Restructuring Support Agreement

and agreeing to any such terms with such stakeholders that would secure their support; and (e) taking all actions necessary to effectuate any store closures contemplated by the Restructuring Support Agreement;

**Chapter 11 Filing**

**FURTHER RESOLVED**, that in each Board's business judgment, it is desirable and maximizes the value of each respective Company for the benefit of all stakeholders, for each Company to file or cause to be filed the Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

**FURTHER RESOLVED**, that in accordance with each Company's Governing Documents and the applicable laws of the state in which each Company is organized, each Board hereby consents to, authorizes, and approves the filing of the Petitions;

**FURTHER RESOLVED**, that each Authorized Officer is hereby authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each respective Company and/or any persons to whom such Authorized Officers delegate certain responsibilities be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, statements, motions, lists, applications, pleadings, and other motions, papers, or documents as any such Authorized Officer may deem required, necessary, appropriate, desirable, or advisable in connection with the Chapter 11 Filing, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business;

**Debtor-in-Possession Financing, Cash Collateral, and Adequate Protection Obligations**

**WHEREAS**, certain of the Companies are party to that certain Credit Agreement dated October 16, 2012 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "ABL Credit Agreement"), by and among Leslie's Poolmart, Inc. and LPM Manufacturing, Inc., as co-borrowers, Leslie's, Inc., as holdings, the guarantors from time to time party thereto, the lenders from time to time party thereto, Bank of America, N.A., as administrative agent and co-collateral agent, U.S. Bank National Association, as co-collateral agent, and the other parties thereto;

**WHEREAS**, each Company is party to that certain Amended & Restated Term Loan Credit Agreement, dated March 9, 2021 (the "Term Loan Credit Agreement," and, together with the ABL Credit Agreement, the "Prepetition Credit Agreements"), by and among Leslie's Poolmart, Inc., as borrower, Leslie's, Inc., as holdings, the guarantors from time to time party thereto, the lenders from time to time party thereto, Alter Domus (US) LLC, as administrative and collateral agent, and the other parties thereto;

**WHEREAS**, reference is made to (a) that certain senior secured, super-priority debtor-in-possession credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time,

the "DIP ABL Credit Agreement") and (b) that certain secured, super-priority debtor-in-possession credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "DIP Term Loan Credit Agreement," and, together with the DIP ABL Credit Agreement, the "DIP Credit Agreements"), in each case dated as of, or about, the date hereof, that set forth the DIP Facilities' terms and conditions;

**NOW, THEREFORE, BE IT RESOLVED**, that in each Board's business judgment, it is desirable and maximizes the value of each Company for the benefit of all stakeholders to obtain the benefits from (a) the incurrence of debtor-in-possession financing obligations under the DIP Facilities by delivering, entering into, and performing under the DIP Credit Agreements and (b) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Companies' obligations under the Prepetition Credit Agreements to the secured parties thereunder (the "Prepetition Secured Parties");

**FURTHER RESOLVED**, that, for each Company to use and benefit from (a) the DIP Facilities and (b) the use of Cash Collateral, and in accordance with section 105, 361, 362, 363, 364(c), 364(d), 364(e), 503, and 507 of the Bankruptcy Code, each Company be, and hereby is, authorized to provide the liens, claims, and adequate protection to the Prepetition Secured Parties (collectively, the "Adequate Protection Obligations") documented in proposed interim and final orders (collectively, the "DIP Orders") to be submitted to the Bankruptcy Court for approval;

**FURTHER RESOLVED**, that the form, terms, and provisions of the DIP Orders to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of each respective Company, to (a) take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Orders, the DIP ABL Credit Agreement, the DIP Term Loan Credit Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively with the DIP Orders, the "DIP Documents"), in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**FURTHER RESOLVED**, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur the Adequate Protection Obligations and certain obligations related to the DIP Facilities and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents, including entering into fee letters with the applicable agent under each DIP Facility (each, a "DIP Agent," and, collectively, the "DIP Agents") and paying the fees and expenses of the lenders under each DIP Facility (collectively, the "DIP Transactions"), and including granting liens on its assets to secure claims that constitute Adequate Protection Obligations;

**Further Resolved**, that each Authorized Officer be, and hereby is, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company, as a debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Documents; (b) such other instruments, certificates, notices, assignments, agent fee letters, and documents as may be reasonably requested by any DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates, compliance certificates, and any other documents as may be required by the DIP Documents;

**Further Resolved**, that each Authorized Officer be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company to file or to authorize the DIP Agents to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the DIP Agents deem necessary or appropriate to perfect any lien or security interest granted under the DIP Orders or any of the other DIP Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agents may reasonably request to perfect the security interests of the DIP Agents under the DIP Orders or any of the other DIP Documents;

**Further Resolved**, that each Authorized Officer be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each respective Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Companies in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, to arrange for, negotiate, and enter into supplemental agreements, amendments, instruments, certificates, consents, or documents relating to the transactions contemplated by any of the DIP Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, consents, or documents in the name and on behalf of each Company, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of the Companies' obligations under or in connection with the DIP Orders or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**Retention of Professionals**

**Further Resolved**, that each Company is hereby authorized to retain: (a) Simpson Thacher & Bartlett LLP as bankruptcy counsel; (b) Centerview Partners LLC as financial advisor and investment banker; (c) Berkeley Research Group, LLC as financial advisor; (d) Hilco Real Estate, LLC as real estate consultant and advisor; (e) Haynes & Boone LLP as local bankruptcy counsel; (f) Kroll Restructuring Administration LLC as claims, noticing, and solicitation agent; and (g) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals that an Authorized Officer deems necessary, appropriate, or advisable; each to represent and assist the Companies in carrying out their duties and responsibilities and exercising

their rights under the Bankruptcy Code and applicable law, in each case subject to the approval of the Bankruptcy Court;

**FURTHER RESOLVED**, that each Authorized Officer be, and hereby is, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each Authorized Officer, with power of delegation, be, and hereby is, authorized and directed to execute appropriate retention agreements, to pay appropriate retainers and fees, and to cause to be filed appropriate applications for authority to retain the services of any other professionals as necessary;

**General**

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, directed and empowered, in the name and on behalf of each respective Company, to do any and all acts and things and to sign, seal, execute, acknowledge, file, record and deliver all agreements, papers, instruments, documents and certificates and to pay all charges, fees, taxes and other expenses, from time to time necessary, desirable or appropriate to be done, signed, sealed, executed, acknowledged, filed, recorded, delivered or paid, under any applicable law or otherwise, and to certify as having been adopted by the applicable Board by any form of resolution required by any law, regulation or agency necessary, advisable or appropriate to effectuate the purpose and intent of the foregoing resolutions; and

**FURTHER RESOLVED**, that any and all acts, transactions, agreements or certificates previously signed or otherwise entered into on behalf of any Company by any Authorized Officer or by any employee or agent of any Company in connection with or in furtherance of the foregoing resolutions be, and hereby are, in all respects approved, ratified and confirmed as the true acts and deeds of the applicable Company with the same force and effect as if each such act, transaction, agreement or certificate had been specifically authorized in advance by resolution of the applicable Board and that such person did execute the same.

The actions taken by this Consent shall have the same force and effect as if taken at a meeting of each Board duly called and constituted pursuant to the Governing Documents of each respective Company and the laws of the state in which each Company is organized or incorporated, as applicable. This Consent may be executed by electronically transmitted signature and shall be deemed an original.

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S, INC.**

DocuSigned by:

______________________
1A8816DD4A94467...
John Strain

______________________
Jason McDonell

______________________
Yolanda Daniel

______________________
Seth Estep

______________________
John Hartmann

______________________
Lorna Nagler

______________________
Maile Naylor

______________________
Susan O'Farrell

______________________
Claire Spofford

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**<u>LESLIE'S, INC.</u>**

____________________________
John Strain

Signed by:
Jason McDonell
F17279289BAA49A...
____________________________
Jason McDonell

____________________________
Yolanda Daniel

____________________________
Seth Estep

____________________________
John Hartmann

____________________________
Lorna Nagler

____________________________
Maile Naylor

____________________________
Susan O'Farrell

____________________________
Claire Spofford

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S, INC.**

__________________________
John Strain

__________________________
Jason McDonell

DocuSigned by:
964BBAC45D2645A...
__________________________
Yolanda Daniel

__________________________
Seth Estep

__________________________
John Hartmann

__________________________
Lorna Nagler

__________________________
Maile Naylor

__________________________
Susan O'Farrell

__________________________
Claire Spofford

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**<u>LESLIE’S, INC.</u>**

________________________
John Strain

________________________
Jason McDonell

________________________
Yolanda Daniel




________________________
Seth Estep

________________________
John Hartmann

________________________
Lorna Nagler

________________________
Maile Naylor

________________________
Susan O’Farrell

________________________
Claire Spofford

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S, INC.**

__________________________
John Strain

__________________________
Jason McDonell

__________________________
Yolanda Daniel

__________________________
Seth Estep

Signed by:
John Hartmann
4B666FA8C5DC469...
__________________________
John Hartmann

__________________________
Lorna Nagler

__________________________
Maile Naylor

__________________________
Susan O'Farrell

__________________________
Claire Spofford

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S, INC.**

____________________________
John Strain

____________________________
Jason McDonell

____________________________
Yolanda Daniel

____________________________
Seth Estep

____________________________
John Hartmann

DocuSigned by:
Lorna Nagler
EE0C6D1D9A49427...
____________________________
Lorna Nagler

____________________________
Maile Naylor

____________________________
Susan O'Farrell

____________________________
Claire Spofford

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S, INC.**

_________________________
John Strain

_________________________
Jason McDonell

_________________________
Yolanda Daniel

_________________________
Seth Estep

_________________________
John Hartmann

_________________________
Lorna Nagler

DocuSigned by:
Maile Naylor
E50F8527AE384CD...
_________________________
Maile Naylor

_________________________
Susan O'Farrell

_________________________
Claire Spofford

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S, INC.**

____________________________
John Strain

____________________________
Jason McDonell

____________________________
Yolanda Daniel

____________________________
Seth Estep

____________________________
John Hartmann

____________________________
Lorna Nagler

____________________________
Maile Naylor

DocuSigned by:
Susan O'Farrell
7C1F71A2AF07435...
____________________________
Susan O'Farrell

____________________________
Claire Spofford

[*Signature Page to Omnibus Action by Unanimous Written Consent*]

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**<u>LESLIE'S, INC.</u>**

________________________
John Strain

________________________
Jason McDonell

________________________
Yolanda Daniel

________________________
Seth Estep

________________________
John Hartmann

________________________
Lorna Nagler

________________________
Maile Naylor

________________________
Susan O'Farrell



Claire Spofford

[*Signature Page to Omnibus Action by Unanimous Written Consent*]

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S POOLMART, INC.**

Signed by:
Jason McDonell
F17279289BAA49A...

Jason McDonell

__________________________

Jeffrey White

__________________________

Benjamin Lindquist

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**LESLIE'S POOLMART, INC.**

______________________________
Jason McDonell

______________________________
Jeffrey White

______________________________
Benjamin Lindquist

**IN WITNESS WHEREOF**, the undersigned hereby consent to, approve, and adopt the foregoing resolutions effective as of the date first written above.

**CORTZ, INC.**

**HORIZON SPA & POOL PARTS, INC.**

**HOT TUB WORKS, LLC**

**LPM MANUFACTURING, INC.**

**POOL PARTS, INC.**

**RAM CHEMICAL & SUPPLY, INC.**

**SPP HOLDING CORPORATION**

**STELLAR MANUFACTURING, LLC**

______________________________
Jeffrey White

______________________________
Benjamin Lindquist

**SCHEDULE I**

| Entity | Jurisdiction of Formation |
|---|---|
| Leslie’s, Inc. | Delaware |
| Cortz, Inc. | Illinois |
| Hot Tub Works, LLC | Delaware |
| Horizon Spa & Pool Parts, Inc. | Delaware |
| Leslie’s Poolmart, Inc. | Delaware |
| LPM Manufacturing, Inc. | California |
| Pool Parts, Inc. | Delaware |
| RAM Chemical & Supply, Inc. | Texas |
| SPP Holding Corporation | Delaware |
| Stellar Manufacturing, LLC | Delaware |

**Fill in this information to identify the case:**

Debtor name: LESLIE'S, INC., *et al.*

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF TEXAS (HOUSTON)

Case number (If known):

❑ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1 | INNOVATIVE WATER CARE GLOBAL CORP<br>1400 BLUEGRASS LAKES PKWY<br>ALPHARETTA, GA 30004-7743 | CONTACT: CHANTAL FERRERIA<br>PHONE: 800-445-2059<br>EMAIL: CHARLESTONORDERS@SIGURAWATER.COM | TRADE | | | | $9,315,766.14 |
| 2 | HASA-PITTSBURG<br>23119 DRAYTON ST<br>SANTA CLARITA, CA 91350-2547 | CONTACT: ZACH STERLING<br>PHONE: 925-432-3866<br>EMAIL: ACCOUNTSRECEIVABLE@HASAPOOL.COM | TRADE | | | | $7,739,400.87 |
| 3 | BIO LAB, INC.<br>1725 N BROWN RD<br>LAWRENCEVILLE, GA 30043-8119 | CONTACT: HARVIR SINGH SANDHU<br>PHONE: 888-999-2531<br>EMAIL: BIOLABAR@KIKCORP.COM | TRADE | | | | $5,799,721.45 |
| 4 | MAYTRONICS US INC<br>1790 CORPORATE DR STE 300<br>NORCROSS, GA 30093-2930 | CONTACT: RANDY HOLDEN<br>PHONE: 770-613-5050<br>EMAIL: AR@MAYTRONICSUS.COM | TRADE | | | | $2,706,329.89 |
| 5 | OCCIDENTAL CHEMICAL CORP.<br>PO BOX 840642<br>DALLAS, TX 75284-0642 | CONTACT: GARY LEE<br>PHONE: 800-752-5151<br>EMAIL: ACCOUNTS_RECEIVABLE@OXY.COM | TRADE | | | | $1,789,870.07 |
| 6 | ALLCHEM PERFORMANCE PRODUCTS<br>15964 COLLECTION CENTER DR<br>CHICAGO, IL 60693-0001 | CONTACT: ANDY GARCIA<br>PHONE: 352-333-7349<br>EMAIL: ARREMIT@ALLCHEM.COM | TRADE | | | | $1,621,732.14 |
| 7 | LAMOTTE COMPANY<br>PO BOX 329<br>CHESTERTOWN, MD 21620-0329 | CONTACT: LESLIE CARROLL<br>PHONE: 800-344-3100<br>EMAIL: ACCTSREC@LAMOTTE.COM | TRADE | | | | $1,142,747.72 |
| 8 | BRENNTAG MID-SOUTH, INC.<br>3796 RELIABLE PARKWAY<br>CHICAGO, IL 60686-0001 | CONTACT: MEGAN PIERCE<br>PHONE: 800-330-6121<br>EMAIL: MID-SOUTH.ACCOUNTREMITTANCE@BRENNTAG.COM | TRADE | | | | $972,147.41 |

Debtor LESLIE'S, INC., *et al.* Case number *(if known)*
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | MIDWEST CANVAS CORP<br>4635 W LAKE ST<br>CHICAGO, IL 60644-2798 | CONTACT: MARK STEARNS<br>PHONE: 773-287-4400<br>EMAIL: MIDWESTCANVASBILLINGDEPARTMENT@GMAIL.COM | TRADE | | | | $952,598.95 |
| 10 | GOOGLE LLC<br>1600 AMPHITHEATRE PKWY<br>MOUNTAIN VIEW, CA 94043-1351 | CONTACT: MATT RENNER<br>PHONE: 800-467-1894<br>EMAIL: COLLECTIONS@GOOGLE.COM | EXPENSE | | | | $730,931.14 |
| 11 | HERITAGE POOL SUPPLY GROUP INC<br>7440 STATE HIGHWAY 121<br>MCKINNEY, TX 75070-3104 | CONTACT: CHRIS HALL<br>PHONE: 469-421-0660<br>EMAIL: REMITTANCE@HLSGICORP.COM | TRADE | | | | $707,530.73 |
| 12 | ECHO GLOBAL LOGISTICS<br>600 W CHICAGO AVE STE 725<br>CHICAGO, IL 60654-2522 | CONTACT: MATT SMITH<br>PHONE: 312-999-2756<br>EMAIL: TZENDEJAS@ECHO.COM | FREIGHT | | | | $706,414.22 |
| 13 | RAYPAK<br>2151 EASTMAN AVE.<br>OXNARD, CA 93030-5194 | CONTACT: JENNIFER MACLEAN<br>PHONE: 805-278-5300<br>EMAIL: DANA.CROW@RHEEM.COM | TRADE | | | | $596,778.41 |
| 14 | WATER TECH CORP<br>10 ALVIN COURT<br>EAST BRUNSWICK, NJ 08816 | CONTACT: JENNA MARTUCCI<br>PHONE: 732-967-9888<br>EMAIL: ACCOUNTING@WATERTECHCORP.COM | TRADE | | | | $479,236.27 |
| 15 | SUNDANCE SPAS, INC.<br>7283 COLLECTION CENTER DR<br>CHICAGO, IL 60693 | CONTACT: JODI WISCHERMAN<br>PHONE: 760-419-6302<br>EMAIL: JODI.WISCHERMAN@JACUZZI.COM | TRADE | | | | $445,062.16 |
| 16 | HAYWARD POOL PRODUCTS, INC.<br>1415 VANTAGE PARK DR STE 400<br>CHARLOTTE, NC 28203-4073 | CONTACT: STEVE MILLER<br>PHONE: 909-594-8971<br>EMAIL: COLLECTIONS-GROUP@HAYWARD.COM | TRADE | | | | $431,482.66 |
| 17 | CHAMPION PACKAGING, INC.<br>1840 INTERNATIONALE PKWY<br>WOODRIDGE, IL 60517-4944 | CONTACT: CHUCK HUGHES<br>PHONE: 630-972-0100<br>EMAIL: ACCOUNTSPAYABLE@CPDI-INC.COM | TRADE | | | | $389,701.94 |
| 18 | WESTLAKE CHEMICALS & VINYLS LLC<br>2801 POST OAK BLVD STE 600<br>HOUSTON, TX 77056-6110 | CONTACT: DONALD HODKINSON<br>PHONE: 412-515-8095<br>EMAIL: ESCHRAMM@WESTLAKE.COM | TRADE | | | | $386,829.62 |
| 19 | LANXESS CORPORATION<br>1007 MARKET ST RM D13111<br>WILMINGTON, DE 19898-1100 | CONTACT: KAREN HEALD<br>PHONE: 412-809-3631<br>EMAIL: LANXESSCREDITDEPARTMENT@LANXESS.COM | TRADE | | | | $362,967.62 |
| 20 | NU TECHNOLOGY INC.<br>3721 S STONEBRIDGE DR #1403<br>MCKINNEY, TX 75070-0236 | CONTACT: ANTO SUBATH<br>PHONE: 469-226-6937<br>EMAIL: ANTO.SUBATH@NULOGIC.IO | EXPENSE | | | | $334,600.00 |
| 21 | WESTBAY LLC<br>2826 E SIERRA MADRE CT<br>GILBERT, AZ 85296-9449 | CONTACT: DAVID POTHIER<br>PHONE: 480-282-1627<br>EMAIL: STEVEP@WESTBAYGLOBAL.COM | TRADE | | | | $302,819.64 |

Debtor LESLIE'S, INC., *et al.* Case number (*if known*)
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | ON TIME DISTRIBUTION LLC<br>2840 SOUTHBOROUGH RD<br>DARLINGTON, SC 29532-7466 | CONTACT: MICHELLE<br>PHONE: 704-234-3716<br>EMAIL:<br>MICHELLE@ONTIMEDISTRIBUT<br>OR.COM | TRADE | | | | $241,915.61 |
| 23 | COMFORT RESEARCH LLC<br>1719 ELIZABETH AVE NW<br>GRAND RAPIDS, MI 49504-2003 | CONTACT: BRI STANKUS<br>PHONE: 616-475-5000<br>EMAIL:<br>AR@COMFORTRESEARCH.CO<br>M | TRADE | | | | $240,284.17 |
| 24 | BETTABOT INC.<br>10450 PIONEER BLVD STE 8<br>SANTA FE SPRINGS, CA 90670-8232 | CONTACT: DARREN CHEN<br>PHONE: 562-549-0001<br>EMAIL:<br>DARREN@BETTABOT.COM | TRADE | | | | $226,105.95 |
| 25 | J.B. HUNT TRANSPORT, INC.<br>615 CORPERATE DRIVE<br>LOWELL, AR 72745 | CONTACT: ASHER<br>BENNETT<br>PHONE: 800-643-3622<br>EMAIL:<br>ASHER.D.BENNETT@JBHUNT.COM | FREIGHT | | | | $222,786.35 |
| 26 | NEW UNITI HOLDCO LP<br>4005 N RODNEY PARHAM RD<br>LITTLE ROCK, AR 72212-2442 | CONTACT: JENNIFER<br>PARKER<br>PHONE: 207-807-7750<br>EMAIL:<br>JENNIFER.PARKER@UNITI.CO<br>M | EXPENSE | | | | $220,405.02 |
| 27 | WATKINS MANUFACTURING<br>CORPORATION<br>1280 PARK CENTER DR<br>VISTA, CA 92081-8314 | CONTACT: TERRI<br>SCANNELL<br>PHONE: 760-305-4125<br>EMAIL:<br>TERRI.SCANNELL@WATKINSM<br>FG.COM | TRADE | | | | $209,346.96 |
| 28 | DIAMOND CHEMICAL COMPANY<br>LLC<br>PO BOX 791886<br>BALTIMORE, MD 21279-1886 | CONTACT: KAREN ALAMO<br>PHONE: 201-806-1544<br>EMAIL:<br>REMITTANCE@DIAMONDCHEM.COM | TRADE | | | | $204,575.64 |
| 29 | GLI POOL PRODUCTS<br>215 SINTER CT<br>YOUNGSTOWN, OH 44510-1076 | CONTACT: TERRI<br>WINKLER<br>PHONE: 330-744-8812<br>EMAIL:<br>JMOSKAL@GLIPOOLPRODUCT<br>S.COM | TRADE | | | | $189,535.68 |
| 30 | M&M INDUSTRIES INC<br>316 CORPORATE PL<br>CHATTANOOGA, TN 37419-2339 | CONTACT: KELLIE<br>MOORE<br>PHONE: 423-821-3302<br>EMAIL:<br>ACCOUNTING@MMCONTAINER<br>.COM | TRADE | | | | $184,575.23 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LESLIE'S, INC., *et al.*,[1] | ) | Case No. 26-[●] ([●]) |
| Debtors. | ) | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY HOLDERS**
**PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and its debtor affiliates (collectively, the "Debtors"), respectfully represent as follows:

1. Leslie's, Inc. is a publicly traded corporation. Jane Street Group, LLC (5.9%), Jane Street Capital, LLC (3.7%), and Jane Street Global Trading, LLC (2.1%) collectively own 11.7% of the common stock[2]. No other entities have a direct or indirect ownership interest of 10% or more in Leslie's, Inc.[3]

2. Leslie's, Inc. owns 100% of the equity interests in Leslie's Poolmart, Inc.

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Lesliespool. The location of Debtor Leslie's, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 2005 East Indian School Road, Phoenix, AZ 85016.

[2] As of August 13, 2026, pursuant to Schedule 13G-A filed by Jane Street Group, LLC, Jane Street Capital, LLC, and Jane Street Global Trading, LLC.

[3] The Debtors do not and cannot know the precise holdings or identity of the holders of its publicly held common stock. Thus, by separate motion filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Rule 1007 to file a list of all its equity security holders.

3. Leslie's Poolmart, Inc. owns 100% of the equity interests in (a) Cortz, Inc., (b) Horizon Spa & Pool Parts, Inc., (c) LPM Manufacturing, Inc., (d) RAM Chemical & Supply, Inc., and (e) Stellar Manufacturing, LLC.

4. Cortz, Inc. owns 100% of the equity interests in (a) Hot Tub Works, LLC, (b) Pool Parts, Inc., and (c) SPP Holding Corporation.

**Fill in this information to identify the case and this filing:**

Debtor Name Leslie's, Inc.

United States Bankruptcy Court for the: Southern District of Texas (Houston)

Case number (*If known*): ______________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration Consolidated Corporate Ownership Statement and Equity Holder List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/30/2026
MM / DD / YYYY

✘ /s/ Jeffrey White
Signature of individual signing on behalf of debtor

Jeffrey White
Printed name

Chief Financial Officer and Treasurer
Position or relationship to debtor