**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LESLIE'S, INC., *et al.*,[1] | ) | Case No. 26-90795 (ARP) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. [__]** |

**ORDER (I) AUTHORIZING THE DEBTORS TO MAINTAIN AND ADMINISTER THEIR EXISTING CUSTOMER PROGRAMS AND HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing, but not directing, the Debtors to maintain and administer their existing Customer Programs and honor certain prepetition obligations related thereto on a postpetition basis in the ordinary course and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

1 A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/lesliespool/. The location of Debtor Leslie's, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 2005 East Indian School Road, Phoenix, AZ 85016.

2 Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized, but not directed, to continue to (a) administer all Customer Programs described in the Motion and currently in effect, and to maintain, modify, renew, replace, supplement, and/or terminate the Customer Programs in the ordinary course of business consistent with past practice and (b) honor, pay, or otherwise satisfy any and all undisputed prepetition and postpetition obligations related thereto.

2. Nothing contained in the Motion or this Order is intended to or should be construed to create an administrative priority claim on account of any claims arising under or related to the Customer Programs.

3. The Debtors shall maintain a matrix/schedule of payments, obligations, offsets, credits, or reserves related to the Customer Programs made pursuant to this Order, including the following information: (a) the nature, date, and amount of the obligations; (b) the category or type of the obligations, as further described and classified in the Motion; and (c) the Debtor or Debtors that made or incurred the obligation. The Debtors shall provide, on a confidential basis, a copy of such matrix/schedule to the U.S. Trustee, counsel to the Ad Hoc Group, and counsel to any statutory committee appointed in these cases by the last day of each calendar month.

4. The Debtors will notify the U. S. Trustee and any statutory committee appointed in these cases if Debtors make any material changes to Debtors' Customer Programs practices and procedures.

5. Notwithstanding anything to the contrary set forth herein, any payment made or to be made hereunder, and any authorization contained herein, shall be subject to the requirements imposed on the Debtors under any interim or final orders authorizing the Debtors' use of cash collateral and/or postpetition debtor-in-possession financing (any such order, a "DIP Order") and any approved budget in connection therewith. To the extent there is any inconsistency between the terms of any DIP Order (including any approved budget in connection therewith) and any approval or action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

6. Notwithstanding anything to the contrary herein, nothing contained in the Motion or any actions taken pursuant to this Order is intended as or should be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, priority of, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any

other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

7. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized and directed to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. The relief granted herein is necessary to avoid immediate and irreparable harm to the Debtors and their estates and may therefore be granted immediately pursuant to Bankruptcy Rule 6003(a).

10. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: ____________, 2026

______________________________________
UNITED STATES BANKRUPTCY JUDGE