**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LESLIE'S, INC., *et al.*,[1] | ) | Case No. 26-90795 (ARP) |
| Debtors. | ) | (Jointly Administered) |

# DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT, (II) APPROVING THE SOLICITATION PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN, (III) APPROVING THE FORM OF BALLOT AND NOTICES IN CONNECTION THEREWITH, (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO, AND (V) GRANTING RELATED RELIEF

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on November 13, 2026 at 4:00 p.m. (prevailing Central Time) in Courtroom 400, 4th Floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Pérez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on**

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/lesliespool/. The location of Debtor Leslie's, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 2005 East Indian School Road, Phoenix, AZ 85016.

**Judge Pérez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

## Preliminary Statement

1. The Debtors are the largest direct-to-consumer brand in the pool and spa care industry in the United States, operating, as of the Petition Date, approximately 900 retail locations across 38 states, a robust digital commerce platform, and a professional services division. As detailed in the First Day Declaration and the Disclosure Statement, the Debtors faced significant financial and operational headwinds over the past several years, which resulted in deteriorating profitability and severe liquidity constraints. After exhausting operational and cost-reduction alternatives, and with a highly leveraged capital structure comprising approximately $810 million in aggregate funded indebtedness, the Debtors commenced these chapter 11 cases to significantly deleverage their balance sheet, optimize their retail store footprint, and emerge as a going concern positioned for long-term viability.

2. After months of good-faith, arm's-length negotiations among the Debtors, their advisors, and an ad hoc group of holders of Prepetition Term Loan Claims (the "Ad Hoc Group"), the parties reached an agreement on the value-maximizing restructuring framework as set forth in the Restructuring Support Agreement (the "RSA"), executed on September 30, 2026, with holders

[2] Contemporaneously with this Motion, the Debtors filed the *Joint Plan of Reorganization of Leslie's, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or otherwise modified from time to time, the "Plan") and the *Disclosure Statement for the Joint Plan of Reorganization of Leslie's, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended, supplemented, or otherwise modified from time to time, the "Disclosure Statement"). A description of the Debtors, their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases is set forth in greater detail in the *Declaration of Jeff White, Chief Financial Officer of Leslie's, Inc. in Support of the Chapter 11 Petitions and the First Day Motions* [Docket No. 5] (the "First Day Declaration"). Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration, the Plan, or the Disclosure Statement, as applicable.

of approximately 81% of the Prepetition Term Loan Claims (the "Consenting Term Loan Lenders"). The RSA and the exhibits thereto lay out the terms of the Restructuring Transactions, as further described in the Plan and the related Disclosure Statement, each of which was filed substantially contemporaneously with this Motion. The RSA is designed to avoid a prolonged in-court process and includes certain milestones to ensure the Debtors proceed through these chapter 11 cases in a structured and expeditious manner towards confirmation.

3. As proposed, the Plan will refinance or repay DIP ABL Claims through the New ABL Facility, refinance a portion of the DIP Term Loan Claims through the New Term Loan Facility, equitize the remaining DIP Term Loan Claims and all Prepetition Term Loan Claims, distribute the GUC Cash Pool to Holders of General Unsecured Claims, and provide for an Equity Financing to recapitalize the Debtors' balance sheet on the Effective Date. The Plan also provides for the rejection of certain under- or non-performing unexpired leases and executory contracts. The Plan is the best and only restructuring transaction available to the Debtors, maximizes the value of the Debtors' estates, and positions the Debtors for sustainable long-term growth.

4. By this Motion, the Debtors request approval of the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, authorization to solicit votes on the Plan, and approval of certain key dates and deadlines related thereto, including scheduling the Confirmation Hearing (as defined below), to be held on December 23, 2026, or such other date as the Court may schedule. The Debtors also seek approval of the Solicitation Procedures and the Solicitation Packages to be distributed to Holders of Claims in the Voting Classes in connection with the solicitation process, each as described herein, which will allow the Debtors to begin solicitation upon entry of the Order. The proposed solicitation schedule and procedures to confirm and consummate the Plan strike the appropriate balance to move these

chapter 11 cases forward in a timely manner while ensuring due process and providing for the procedural safeguards mandated under the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

5. The relief requested in this Motion represents the surest path to an expeditious and value-maximizing conclusion to these chapter 11 cases, is in the best interests of all parties in interest, and should be approved.

## Relief Requested

6. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "Order"):

a. approving the Disclosure Statement, substantially in the form attached to the Order as Exhibit 1, as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

b. approving (i) the noticing plan and (ii) the procedures for (a) soliciting, receiving, and tabulating votes to accept or reject the Plan, (b) voting to accept or reject the Plan, and (c) filing objections to the Plan (collectively, the "Solicitation Procedures"), substantially in the form attached to the Order as Exhibit 2;

c. scheduling the Confirmation Hearing to consider confirmation of the Plan;

d. approving the form of the ballot (the "Ballot") for casting votes on the Plan, substantially in the form attached to the Order as Exhibit 3;

e. approving the forms of notice to (i) Holders of Claims that are (a) Unimpaired under the Plan and that are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan or (b) unclassified, substantially in the form attached to the Order as Exhibit 4A; and (ii) Holders of Claims and Interests that are Impaired under the Plan and that are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan, substantially in the form attached to

the Order as Exhibit 4B (collectively, the "Notices of Non-Voting Status," and each, a "Notice of Non-Voting Status");

f. approving the form and manner of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), substantially in the form attached to the Order as Exhibit 5;

g. approving the letter (the "Cover Letter") that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan, substantially in the form attached to the Order as Exhibit 6;

h. establishing certain dates and deadlines with respect to the schedule for confirmation of the Plan, subject to modification if necessary;

i. approving the form and distribution of the Opt-Out Form and the Opt-In Form; and

j. granting related relief.

7. The following table provides certain proposed dates and deadlines related to the confirmation schedule requested by this Motion:

| Event | Date | Description |
|---|---|---|
| Voting Record Date | November 13, 2026 | The date for determining which Holders of Claims in the Voting Classes are entitled to vote to accept or reject the Plan (the "Voting Record Date"). |
| Disclosure Statement Objection Deadline | November 10, 2026 at 4:00 p.m. (prevailing Central Time) | The deadline by which parties in interest may file objections to the adequacy of the Disclosure Statement (the "Disclosure Statement Objection Deadline"). |
| Disclosure Statement Hearing | November 13, 2026 at 4:00 p.m. (prevailing Central Time) | The date of the hearing to approve the Disclosure Statement, subject to the Court's availability (the "Disclosure Statement Hearing"). |
| Solicitation Deadline[3] | Three business days after entry of the Order, or as | The deadline by which the Debtors must distribute the Solicitation Packages, including the applicable Ballot, |

[3] With respect to Holders of Claims that are not listed in the Debtors' Schedules and that file Proofs of Claim after the Voting Record Date but before the applicable Claims Bar Date and before the Voting Deadline, the Debtors and Solicitation Agent will distribute a Solicitation Package (including the Ballot) to Holders of such Claims in a Voting Class, and the applicable Notice of Non-Voting Status and the Confirmation Hearing Notice to Holders of such Claims in a Non-Voting Class (other than Class 5 or Class 6), in each case as soon as reasonably practicable after such Proof of Claim has been Filed and processed by the Solicitation Agent. Holders seeking to vote their Claims and/or opt out of or opt in to the Third-Party Release, as applicable, are encouraged to file their Proofs of Claim well in advance but no later than two weeks prior to the applicable Claims Bar Date to ensure sufficient time for the Solicitation Agent to receive and process their Proofs of Claim and generate and serve the corresponding Ballot, Opt-Out Form, Opt-In Form, and/or credentials to vote on the Plan or opt out of or opt in to the Third-Party Release. The Solicitation Agent will use best efforts to provide any Holder that timely files a Proof of Claim following the Voting Record Date (but on or before the applicable Claims Bar Date) with a Solicitation Package (including a Ballot) or the applicable Notice of Non-Voting Status, Opt-Out Form or Opt-In

| Event | Date | Description |
|---|---|---|
| | soon as reasonably practicable thereafter | to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline"). |
| Publication Deadline | Three business days after entry of the Order, or as soon as reasonably practicable thereafter | The deadline by which the Debtors will submit the Confirmation Hearing Notice in a format modified for publication (such notice, the "Publication Notice"). |
| Initial Plan Supplement Deadline | December 9, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline by which the Debtors shall file the initial Plan Supplement (the "Initial Plan Supplement Deadline"). |
| Voting Deadline | December 16, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline by which Holders of Claims entitled to vote may vote to accept or reject the Plan (the "Voting Deadline"). |
| Release Election Deadline | December 16, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline by which (a) Holders of Claims in Classes 1, 2, 3A, 3B, and 4 and unclassified Claims may submit an opt-out form (each, an "Opt-Out Form") to opt out of the Third-Party Release (as defined herein) and (b) Holders of Claims and Interests in Classes 7 and 8 may submit an opt-in form (each, an "Opt-In Form") to opt in to the Third-Party Release (the "Release Election Deadline"). |
| Confirmation Objection Deadline | December 16, 2026, at 4:00 p.m. (prevailing Central Time) | The deadline by which parties in interest may file objections to confirmation of the Plan (including objections to any assumption or rejection of an Executory Contract or Unexpired Lease thereunder or as set forth in the Plan Supplement) (the "Confirmation Objection Deadline"). |
| Deadline to File Voting Report | December 21, 2026 | The date by which the Debtors will file the report tabulating votes on the Plan (the "Voting Report"). |
| Confirmation Brief Deadline | December 21, 2026 | The date by which the Debtors shall file their brief in support of confirmation of the Plan in response to objections thereto. |
| Confirmation Hearing | December 23, 2026, at [●] [a.m./p.m.] (prevailing Central Time) | The date for the hearing at which this Court will consider confirmation of the Plan (the "Confirmation Hearing"), subject to the Court's availability (the "Confirmation Hearing Date"). |

## Jurisdiction and Venue

8. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

Form, as applicable, and Confirmation Hearing Notice on an expedited basis as soon as reasonably practicable after receipt of such Proof of Claim.

the *Order of Reference to Bankruptcy Judges*, 2012 U.S. Dist. LEXIS 197295 (S.D. Tex. May 24, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

9. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. The statutory bases for the relief requested herein are sections 105(a), 1123, 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 1075-1, 2002-1, and 3016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the *Procedures for Complex Chapter 11 Cases in the Southern District of Texas* (the "Complex Case Procedures").

**Background**

11. On September 30, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). On October 14, 2026, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors in the chapter 11 cases (the "Committee") [Docket No. 140]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Summary of Plan Treatment

12. The Plan classifies Claims against and Interests in the Debtors, and provides for the treatment of each Class as follows:[4]

| Class | Claims or Interests | Treatment | Impaired or Unimpaired | Entitlement to Vote |
|---|---|---|---|---|
| 1 | Other Secured Claims | Each Holder of an Allowed Other Secured Claim shall receive, at the Debtors' option with the consent of the Required Consenting Term Loan Lenders (such consent not to be unreasonably withheld), either: (i) payment in full in Cash in the ordinary course of business; (ii) the collateral securing its Allowed Other Secured Claim; (iii) Reinstatement of its Allowed Other Secured Claim; or (iv) such other treatment rendering its Allowed Other Secured Claim Unimpaired in accordance with section 1124 of the Bankruptcy Code. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 2 | Other Priority Claims | Each Holder of an Allowed Other Priority Claim shall receive treatment in a manner consistent with section 1129(a)(9) of the Bankruptcy Code. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3A | Prepetition ABL Claims | On the Effective Date, to the extent not rolled up into the DIP ABL Facility, each Holder of an Allowed Prepetition ABL Claim shall have its Allowed Prepetition ABL Claim either (i) with the consent of the Prepetition ABL Agent and the Prepetition ABL Lenders, on a dollar-for-dollar basis automatically converted to and deemed to be obligations under the New ABL Facility or (ii) repaid in full and in Cash from the proceeds of the New ABL Facility, as applicable. | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| 3B | Prepetition Term Loan Claims | On the Effective Date, each Holder of an Allowed Prepetition Term Loan Claim shall receive its Pro Rata share of 10% of the New Common Equity (subject to dilution on account of the MIP). | Impaired | Entitled to Vote |
| 4 | General Unsecured Claims | On the Effective Date, each Holder of an Allowed General Unsecured Claim entitled to receive a distribution shall receive its Pro Rata share of the GUC Cash Pool. | Impaired | Entitled to Vote |

[4] This summary is for ease of reference only and shall not limit, modify, or amend the proposed treatment set forth in the Plan, which, in the event of any inconsistency, shall govern. Subject to the terms of the Plan, each Holder of an Allowed Claim or Interest, as applicable, shall receive under the Plan the treatment described below in full and final satisfaction, compromise, settlement, release, and discharge of and in exchange for such Holder's Allowed Claim or Interest, except to the extent less favorable treatment is agreed to by the Debtors or the Reorganized Debtors and the Holder of such Allowed Claim or Interest. Unless otherwise indicated, the Holder of an Allowed Claim or Interest shall receive such treatment on the later of the Effective Date and the date such Holder's Claim or Interest becomes an Allowed Claim or Interest or as soon as reasonably practicable thereafter.

| Class | Claims or Interests | Treatment | Impaired or Unimpaired | Entitlement to Vote |
|---|---|---|---|---|
| 5 | Intercompany Claims | Each Holder of an Allowed Intercompany Claim shall have its Claim Reinstated or cancelled, released, and extinguished without any distribution as reasonably determined by the Debtors or Reorganized Debtors with the consent of the Required Consenting Term Loan Lenders (not to be unreasonably withheld, delayed or conditioned). | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| 6 | Intercompany Interests | Intercompany Interests shall be Reinstated, set off, settled, distributed, contributed, cancelled, and released without any distribution on account of such Intercompany Interests, or such other treatment as reasonably determined by the Debtors with the consent of the Required Consenting Term Loan Lenders (not to be unreasonably delayed, withheld or conditioned). | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept / Deemed to Reject) |
| 7 | Existing Equity Interests | On the Effective Date, all Existing Equity Interests shall be cancelled, released and extinguished and will be of no further force and effect, and Holders of Existing Equity Interests will not receive any distribution on account thereof. | Impaired | Not Entitled to Vote (Deemed to Reject) |
| 8 | Section 510(b) Claims | All Section 510(b) Claims shall be discharged and released, and each Holder of a Section 510(b) Claim shall not receive or retain any distribution, property, or other value on account of its Section 510(b) Claim. | Impaired | Not Entitled to Vote (Deemed to Reject) |

13. As discussed in greater detail herein, the Debtors are proposing to solicit votes to accept or reject the Plan from Holders of Claims in Classes 3B and 4 as of the Voting Record Date (each, a "Voting Class" and collectively, the "Voting Classes"). The Debtors are ***not*** proposing to solicit votes from Holders of Claims and/or Interests in Classes 1, 2, 3A, 5, 6, 7, and 8 (each, a "Non-Voting Class" and collectively, the "Non-Voting Classes"). Holders in the Voting Classes, Holders of Claims in Classes 1, 2, and 3A, and Holders of unclassified Claims will be given an opportunity to opt out of the third-party release set forth in Article IX of the Plan (the "Third-Party Release"), and Holders of Claims and Interests in Classes 7 and 8 will be given an opportunity to opt in to the Third-Party Release; provided, however, that Holders of Class 5 Intercompany Claims

and Class 6 Intercompany Interests will not receive solicitation materials, an Opt-Out Form, or an Opt-In Form.

14. The Disclosure Statement provides adequate information with respect to the Plan, ensuring that Holders of Claims in the Voting Classes will receive information of a kind and in sufficient detail to make an informed judgment regarding acceptance or rejection of the Plan. The proposed schedule and procedures to confirm and consummate the Plan will move these chapter 11 cases forward in a timely manner while ensuring due process and providing for the procedural safeguards that the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures mandate.

## Proposed Solicitation Procedures

### I. Distribution of Solicitation Packages and Notices

15. In connection with the Plan, the Debtors have prepared the Disclosure Statement, which describes, among other things, the Debtors' proposed restructuring and its effects on Holders of Claims against and Interests in the Debtors. The Debtors have designed comprehensive Solicitation Procedures meant to afford all parties in interest the maximum notice and opportunity to be heard as is practicable under the circumstances and, for Holders of Claims in the Voting Classes, the greatest possible opportunity to vote on the Plan. The Debtors believe that the Solicitation Procedures are appropriately tailored to enable all parties in interest to make an informed judgment about the Plan and their treatment and rights thereunder.

16. The Debtors request authorization, as soon as reasonably practicable upon entry of the Order, to distribute, through their solicitation agent, Kroll Restructuring Administration LLC (the "Solicitation Agent"), to the Voting Classes, the following materials in connection with voting on the Plan (the "Solicitation Package"): (a) the Disclosure Statement; (b) the exhibits to the Disclosure Statement, which include (i) the Plan and exhibits thereto, (ii) the Restructuring

Support Agreement and the exhibits thereto, (iii) the Liquidation Analysis, (iv) the Financial Projections, and (v) the Valuation Analysis; (c) a copy of the Order (without exhibits) approving, among other things, the Disclosure Statement and the Solicitation Procedures; (d) the Solicitation Procedures; (e) the appropriate Ballot(s) with voting instructions for each Holder (accompanied by a postage prepaid business reply envelope addressed to the Solicitation Agent); (f) the Confirmation Hearing Notice; and (g) the Cover Letter. Copies of the documents provided in the Solicitation Package will also be available free of charge to all parties in interest via the Solicitation Agent's website at https://restructuring.ra.kroll.com/lesliespool/ or by contacting the Solicitation Agent via email at lesliespoolinfo@ra.kroll.com.

17. To effectuate the Solicitation Procedures, the Debtors propose to, among other things:

- distribute the Solicitation Packages to Holders of Claims in the Voting Classes in the form and manner described herein, including distribution of the Disclosure Statement, the Plan, and the Order (without exhibits) to Holders of Claims entitled to vote to accept or reject the Plan in electronic format (*i.e.*, USB flash drive format);

- serve the Confirmation Hearing Notice on the Debtors' full noticing matrix, which will include information regarding the Confirmation Hearing, deadlines related thereto, and the releases in the Plan;

- publish the Publication Notice in *The New York Times* (national edition) and the *Financial Times* (global edition), or any such other similar publications that the Debtors deem appropriate;

- post the Confirmation Hearing Notice to the Debtors' restructuring website, which is accessible to the general public free of charge; and

- serve the applicable Notice of Non-Voting Status on Holders of (i) Claims and/or Interests in the Non-Voting Classes and (ii) unclassified Claims.

## II. Notice Provided to the Voting Classes

18. As described above, within three business days after entry of the Order, or as soon as reasonably practicable thereafter, the Debtors, through their Solicitation Agent, will commence

the solicitation of votes on the Plan by distributing the Solicitation Packages to the Voting Classes. Electronic copies of the materials comprising the Solicitation Package, excluding the Ballots, will be available, free of charge, on the Debtors' chapter 11 restructuring website at https://restructuring.ra.kroll.com/lesliespool/. The Confirmation Hearing Notice will also provide instructions for electronic access to materials comprising the Solicitation Packages and, in addition to its inclusion in the Solicitation Packages for members of the Voting Classes, will be served on all known Holders of Claims against or Interests in the Debtors (regardless of whether such parties are entitled to vote on the Plan) and the 2002 List (as defined herein) no later than the Solicitation Deadline (or as soon as reasonably practicable thereafter).

19. The instructions on the Ballots advise the Holders of Claims in the Voting Classes that, to be counted, their Ballots must be properly executed, completed, and delivered to the Solicitation Agent so that they are actually received by the Solicitation Agent no later than the Voting Deadline, unless the Debtors extend such time.

## III. Notice Provided to the Non-Voting Classes

20. The Solicitation Agent will not send Solicitation Packages to Holders of Claims and/or Interests in the Non-Voting Classes because such Holders are either (a) Unimpaired under, and conclusively presumed to accept, the Plan pursuant to section 1126(f) of the Bankruptcy Code or (b) Impaired under, and deemed to reject, the Plan pursuant to section 1126(g) of the Bankruptcy Code. Notwithstanding the foregoing, as discussed further herein, for purposes of effectuating the Third-Party Release, the Debtors propose to send the applicable Notice of Non-Voting Status to all Holders of Claims and/or Interests in the Non-Voting Classes (other than Holders in Class 5 and Class 6) contemporaneously with distributing the Solicitation Packages. With respect to non-voting Holders of Claims in Classes 1, 2, and 3A, such notices will include an Opt-Out Form and return envelope addressed to the Solicitation Agent allowing such Holders, at their election,

to opt out of the Third-Party Release by the Release Election Deadline. With respect to non-voting Holders of Claims in Class 8, such notices will include an Opt-In Form and return envelope addressed to the Solicitation Agent allowing such Holders, at their election, to opt in to the Third-Party Release by the Release Election Deadline. With respect to the non-voting Holders of Interests in Class 7, the Solicitation Agent will provide such notices (and return envelopes as requested) to the Holders' bank, broker, or other intermediary through which they hold their publicly traded securities in "street name," (collectively, the "Nominees") which, in turn, will be instructed to forward the notices to the applicable beneficial Holders of Existing Equity Interests. Such notices will also include an Opt-In Form allowing such Holders, at their election, to opt in to the Third-Party Release by the Release Election Deadline, either by returning the Opt-In Form to the Solicitation Agent via hard copy or through the Public Equity Opt-In Portal (as defined herein).

21. In compliance with section 1123(a)(1) of the Bankruptcy Code and as reflected in Article III of the Plan, Administrative Claims, DIP ABL Claims, DIP Term Loan Claims, and Priority Tax Claims are not classified under the Plan. As such, Holders of such Claims are not entitled to vote on the Plan and will not be provided the Solicitation Package; however, the Solicitation Agent will send Holders of such Claims a Confirmation Hearing Notice and a Notice of Non-Voting Status, which will include an Opt-Out Form allowing such Holders, at their election, to opt out of the Third-Party Release by the Release Election Deadline.

## Basis for Relief

### I. The Court Should Approve the Disclosure Statement

#### A. The Standard for Approval of the Disclosure Statement

22. To solicit an acceptance or rejection of a chapter 11 plan from holders of claims or interests, debtors must provide "a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information." 11 U.S.C.

§ 1125(b). The primary purpose of a disclosure statement is to provide stakeholders entitled to vote on a proposed plan with sufficient information to make an informed decision regarding whether to vote for the plan. *See, e.g.*, *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan.").

23. "Adequate information" is:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

24. Adequate information is a flexible, subjective standard evaluated on a case-by-case basis. *See In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988) ("The determination of what is adequate information is subjective and made on a case by case basis. This determination is largely within the discretion of the bankruptcy court."); *see also In re Divine Ripe, L.L.C.*, 554 B.R. 395, 400–01 (Bankr. S.D. Tex. 2016) (discussing factors used to determine the adequacy of information in a disclosure statement).

25. In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, "the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in

interest, and the cost of providing additional information." 11 U.S.C. § 1125(a). The following factors typically inform courts' analyses:

a. the events that led to the filing of a bankruptcy petition;

b. the relationship of the debtor with its affiliates;

c. a description of the available assets and their value;

d. the debtor's anticipated future;

e. the source of information stated in the disclosure statement;

f. the present condition of the debtor while in chapter 11;

g. claims asserted against the debtor;

h. the estimated returns to creditors under a chapter 7 liquidation;

i. the future management of the debtor;

j. the chapter 11 plan or a summary thereof;

k. financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

l. information relevant to the risks posed to creditors under the plan;

m. the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

n. litigation likely to arise in a nonbankruptcy context; and

o. tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996). Disclosure regarding all topics is not necessary in every case. *See id.* at 424; *see also In re Phx. Petrol. Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001) ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

### B. The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code

26. The Disclosure Statement provides "adequate information" to allow Holders of Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains a number of categories of information including, without limitation:

| Category | Description | Location in Disclosure Statement |
|---|---|---|
| Summary of the Plan | A summary of the key components of the Debtors' proposed restructuring, including summaries of, among other things, the classification and treatment of Claims and Interests, the means for implementation of the Plan, the treatment of executory contracts and unexpired leases, and the release, exculpation, and injunction provisions. | Articles IV, V |
| Debtors' Corporate History, Structure, and Business Overview | An overview of the Debtors' corporate history, business operations, organizational structure, and capital structure. | Article VII |
| Events Leading to the Chapter 11 Filings | An overview of the events leading to the chapter 11 cases. | Article VIII |
| Liquidation Analysis, Financial Projections, and Valuation Analysis | An analysis of recoveries from the Debtors' estates in a hypothetical chapter 7 liquidation, the Reorganized Debtors' financial projections, and a valuation of the Debtors. | Exhibits C, D, E |
| Risk Factors | Certain risks associated with the Debtors' business and restructuring, certain risks associated with the proposed distributions under the Plan, and certain risks associated with forward-looking statements, as well as an overall disclaimer as to the information provided by and set forth in the Disclosure Statement. | Article X |
| Solicitation and Voting Procedures | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | Article XI |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for Confirmation and consummation of the Plan | Article XII |
| Certain U.S. Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | Article XIV |
| Recommendation | A recommendation by the Debtors that Holders of Claims in the Voting Classes should vote to accept the Plan. | Article XV |

27. Based on the foregoing, the Disclosure Statement complies with section 1125 of the Bankruptcy Code. The Disclosure Statement provides sufficiently detailed information to allow Holders of Claims and Interests to make an informed judgment about the Plan and Holders of Claims in the Voting Classes to determine whether to vote to accept or reject it. Accordingly, the Disclosure Statement contains "adequate information" within the meaning of section 1125 of the Bankruptcy Code.

**C. The Disclosure Statement Provides Sufficient Notice of Injunction, Release, and Exculpation Provisions in the Plan**

28. If a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must "describe in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and the entities subject to the injunction." Fed. R. Bankr. P. 3016(c). Moreover, in notices regarding a hearing on confirming a plan that proposes an injunction, debtors must also "state in conspicuous language (bold, italic, or underlined text) that the plan proposes an injunction." Fed. R. Bankr. P. 2002(c)(3)(A).

29. Article IX of the Plan and Article VI of the Disclosure Statement describe in detail the entities and acts subject to the release, exculpation, and injunction provisions the Plan proposes, including bolded language related to those provisions. Specifically, Article IX.C, Article IX.D, Article IX.E, and Article IX.F of the Plan describe in detail the entities, Claims, Interests, Causes of Action, and subsequent acts subject to the release, injunction, and exculpation provisions in the Plan. Question H in Article VI of the Disclosure Statement addresses specific questions regarding the release, exculpation, and injunction provisions in the Plan.

30. Likewise, the Confirmation Hearing Notice (as well as the Ballot, Opt-Out Form, and Opt-In Form) describes in detail and in conspicuous, bolded font the entities, Claims, and Causes of Action that are subject to the release provisions in the Plan. Each of the Disclosure

Statement, Ballot, Opt-Out Form, and Confirmation Hearing Notice conspicuously states that any party (other than a Holder of a Claim or Interest in Class 7 or Class 8) that does not specifically opt out or object to its inclusion as a Releasing Party will be bound by the Plan's release provisions, and each of the Disclosure Statement, Opt-In Form, and Confirmation Hearing Notice conspicuously states that Holders of Claims and Interests in Classes 7 and 8 will be bound by the Third-Party Release only if they affirmatively opt in.

31. Accordingly, the Disclosure Statement and the Confirmation Hearing Notice satisfy the conspicuousness requirements under Bankruptcy Rules 2002(c) and 3016(c). *See* Fed. R. Bankr. P. 2002(c)(3)(A) (defining conspicuous to include bolded font), 3016(c) (same).

## II. The Confirmation Schedule Complies with Applicable Bankruptcy Law, and the Confirmation Hearing Date and the Procedures for Filing Objections to Confirmation of the Plan are Appropriate

32. "[T]he court must hold a hearing on a disclosure statement filed under Rule 3016(b) and any objection or modification to it . . . on at least 28 days' notice." Fed. R. Bankr. P. 3017(a). Thereafter, "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a). Similarly, "the clerk or the court's designee must give the debtor, the trustee, all creditors and indenture trustees at least 28 days' notice by mail of the time to file an objection to—and the time of the hearing to consider whether to confirm—a Chapter . . . 11 plan." Fed. R. Bankr. P. 2002(b)(2). Objections to confirmation of a plan "must be filed and served within the time set by the court." Fed. R. Bankr. P. 3020(b)(1). Each of these time periods, however, is subject to shortening for cause. *See* Fed. R. Bankr. P. 9006(c)(2) (excluding Bankruptcy Rules 2002(b), 3017(a), and 3020(b) from the time periods the court may not shorten).

33. The Debtors request that the Court schedule the Confirmation Hearing for December 23, 2026, and schedule the Confirmation Objection Deadline for December 16, 2026, at 4:00 p.m. (prevailing Central Time). The Debtors also request that this Court require that

objections to confirmation of the Plan be timely filed and properly served in accordance with the Order, specifically, each such objection must: (a) be in writing; (b) conform to the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of this Court; (c) state, with particularity, the name and address of the objecting party and the amount and nature of the Claim or Interest such entity beneficially owns; (d) state, with particularity, the legal and factual bases for such objection, and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with this Court with a proof of service thereof and served upon the Debtors so as to actually be received by the Confirmation Objection Deadline. Such dates and procedures will afford this Court, the Debtors, and other parties in interest reasonable time to consider the objections and proposed modifications to the Plan prior to the Confirmation Hearing, and therefore, should be approved.

34. ***First***, the proposed Confirmation Objection Deadline is 33 days following the Disclosure Statement Hearing, and the proposed date of the Confirmation Hearing is 40 days following the Disclosure Statement Hearing. Both time periods comply with the Bankruptcy Code, Bankruptcy Rules, Bankruptcy Local Rules, and Complex Case Procedures. The Debtors, with the assistance of the Solicitation Agent, will distribute Solicitation Packages to the Voting Classes and the same materials are readily available at no cost on the Debtors' restructuring website.

35. ***Second***, the Plan's expeditious confirmation will allow the Debtors to make the distributions contemplated thereunder, reduce administrative expenses, implement the Restructuring Transactions, and bring these chapter 11 cases to an efficient conclusion. Doing so before the end of 2026 is critical to the Debtors' go-forward business strategy, as the beginning of each calendar year begins the Debtors' main inventory-building period, and doing so as a reorganized, deleveraged enterprise will substantially benefit the Reorganized Debtors.

Additionally, as part of the RSA and the DIP Documents, the Debtors agreed to certain milestones with respect to the chapter 11 cases, including: January 8, 2027, as the date by which the Court shall have entered an order confirming the Plan and January 18, 2027, as the date by which the Plan must become effective.

36. ***Third***, the Holders of Claims and/or Interests not entitled to vote will not be denied due process because such Holders will be served with the Confirmation Hearing Notice and the applicable Notice of Non-Voting Status, which include notice of the applicable deadlines to object to confirmation of the Plan and/or opt out of or opt in to the Third-Party Release, as applicable.

37. ***Fourth***, the Debtors will implement the Solicitation Procedures which will provide all known and unknown parties in interest with, as applicable, notice of the Confirmation Hearing and related deadlines, the material terms of the Plan, and the existence and scope of the Third-Party Release and the opportunity to opt out of or opt in to it, as applicable. In addition to the distribution of the Solicitation Packages (and the Confirmation Hearing Notice therein) and the Notices of Non-Voting Status, the Debtors will submit the Publication Notice to be published within three business days after entry of the Order (or as soon as reasonably practicable thereafter), on one occasion each in *The New York Times* (national edition) and the *Financial Times* (global edition), or any such other similar publications that the Debtors deem appropriate.

38. For the foregoing reasons, the Debtors' proposed confirmation schedule is reasonable, appropriate, complies with the Bankruptcy Rules, Bankruptcy Local Rules, and Complex Case Procedures, and gives due process to all of the Debtors' stakeholders.

## III. The Court Should Approve the Timeline, the Ballot, the Solicitation Packages, and the Forms of Notices Related to Solicitation and Confirmation of the Plan

### A. The Court Should Approve the Voting Record Date, Solicitation Deadline, and the Voting Deadline

39. For the purposes of soliciting votes in connection with the confirmation of a plan, "'creditors' and 'equity security holders' include record holders of stock, bonds, debentures, notes, and other securities on the date the order approving the disclosure statement is entered—or another date the court sets for cause and after notice and a hearing." Fed. R. Bankr. P. 3017(d)(4). Additionally, before approving a disclosure statement, the Court "must set a deadline for the holders of claims and interests to accept or reject the plan" and "may set a date for a confirmation hearing." Fed. R. Bankr. P. 3017(c).

40. The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(c) and 3017(d) to establish the following deadlines: (a) November 13, 2026, as the Voting Record Date; (b) the date that is three business days after entry of the Order, or as soon as reasonably practicable thereafter, as the Solicitation Deadline; and (c) December 16, 2026, at 4:00 p.m. (prevailing Central Time) as the Voting Deadline and the Release Election Deadline.

41. Additionally, the Debtors propose that, with respect to any transferred Claim, the transferee be entitled to receive a Solicitation Package or the applicable Notice of Non-Voting Status, as applicable, and, if such Claim is in a Voting Class, to cast a Ballot on account of such Claim, only if: (a) all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. If a Claim is transferred after the Voting Record Date, the Debtors propose that the

transferee of such Claim be bound by any vote on the Plan or opt-out or opt-in election the Holder of such Claim as of the Voting Record Date made.

42. The Debtors further request that the Court require that all Holders of Claims entitled to vote on the Plan that wish to do so complete, execute, and return their applicable Ballot(s) (in accordance with the instructions on the Ballot) so that such Ballot(s) are ***actually received*** by the Solicitation Agent on or before the Voting Deadline.

43. The foregoing timing and the materials attached to the Order will afford Holders of Claims entitled to vote on the Plan sufficient time to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, "the court must order the debtor in possession . . . to mail" the materials comprising the Solicitation Package to "creditors and equity security holders and . . . the United States Trustee"). The Voting Record Date and the Voting Deadline comply with Bankruptcy Rule 3017(d).

**B. The Court Should Approve the Form of the Ballot**

44. "An acceptance or rejection must: (A) be in writing; (B) identify the plan or plans; (C) be signed by the creditor or equity security holder—or an authorized agent; and (D) conform to [Official Form B 314]." Fed. R. Bankr. P. 3018(c). In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared a customizable form of Ballot to provide Holders of Claims in the Voting Classes with information regarding the applicable Class treatment. Although based on Official Form B 314, the Debtors have modified the Ballot to (a) address the particular circumstances of these chapter 11 cases and (b) include certain additional information that is relevant and appropriate for Holders of Claims in the Voting Classes. The proposed form of Ballot is attached as Exhibit 3 to the Order.

45. The Debtors, with the assistance of the Solicitation Agent, will distribute the Solicitation Packages, including the Ballot, via first-class U.S. mail, email, overnight mail, or next day business service, in the Debtors' discretion, to Holders of Claims in the Voting Classes. Each Ballot will be pre-populated with the amount of each Claim held by a Holder of a Claim in a Voting Class as reflected on the Debtors' schedules or a non-disputed Proof of Claim filed on or before the Voting Record Date. Accordingly, the form of the Ballot complies with Bankruptcy Rule 3018(c).

## C. The Court Should Approve the Form and Distribution of the Solicitation Packages to Parties Entitled to Vote on the Plan

46. After the Disclosure Statement is approved, the Debtors will be required to distribute the Plan or court-approved summary of the Plan, the Disclosure Statement, and notice of the time within which acceptances and rejections of the plan may be filed to creditors and equity security holders. *See* Fed. R. Bankr. P. 3017(d).

47. Consistent with Bankruptcy Rule 3017(d), the Debtors propose to distribute the Solicitation Packages to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions regarding the Plan and whether to accept or reject it. Specifically, by the Solicitation Deadline, the Debtors, with the assistance of the Solicitation Agent, will distribute the Solicitation Packages by first-class U.S. mail, email, overnight mail, or next day business service, in the Debtors' discretion, to Holders of Claims in the Voting Classes. Each Solicitation Package will include the following materials:

a. the approved Disclosure Statement, attached as Exhibit 1 to the Order, and the exhibits attached thereto, including the Plan;

b. the entered Order (excluding the exhibits);

c. a copy of the Solicitation Procedures, attached as Exhibit 2 to the Order;

d. the appropriate Ballot(s), substantially in the form attached to the Order as Exhibit 3, including voting instructions with respect thereto and the opportunity to opt out of Third-Party Release (accompanied by a postage prepaid business reply envelope addressed to the Solicitation Agent);

e. the Confirmation Hearing Notice, substantially in the form attached to the Order as Exhibit 5;

f. the Cover Letter, which describes the contents of the Solicitation Package and urges Holders of Claims in the Voting Classes to vote to accept the Plan, substantially in the form attached to the Order as Exhibit 6; and

g. any additional documents that this Court has ordered to be made available to Holders of Claims in the Voting Classes.

48. In instances where the Debtors coordinate service via first-class U.S. mail, overnight mail, or next day business service, the Solicitation Agent will provide a pre-addressed, postage pre-paid reply envelope to Holders of Claims entitled to vote to accept or reject the Plan and Holders of Claims and/or Interests entitled to a Notice of Non-Voting Status (or, in the case of beneficial Holders of Class 7 Existing Equity Interests, upon request through their Nominees) who wish to submit paper copies of their Ballots, Opt-Out Forms, or Opt-In Forms, as applicable, via first-class U.S. mail.

49. In instances where the Debtors coordinate service via first-class U.S. mail, overnight mail, or next day business service, the Debtors request that they be authorized to distribute the Plan, the Disclosure Statement, and the Order (without exhibits) to Holders of Claims entitled to vote to accept or reject the Plan in electronic format (*i.e.*, USB flash drive format). ***Only*** the Ballot, the Cover Letter, and the Confirmation Hearing Notice will be provided in paper copy. Distribution in this manner will translate into significant monetary savings for the Debtors' estates by reducing printing and postage costs (the Plan, the Disclosure Statement, and the Order, collectively, total hundreds of pages). The Confirmation Hearing Notice and the Cover Letter detail how Holders of Claims entitled to vote to accept or reject the Plan or Holders of Claims

and/or Interests entitled to a Notice of Non-Voting Status may access electronic versions or request hard copies of the remaining solicitation materials. Furthermore, any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent to request paper copies of the solicitation materials (to be provided at the Debtors' expense).

50. In addition to accepting hard-copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept completed Ballots submitted via the online portal maintained by the Solicitation Agent at https://restructuring.ra.kroll.com/lesliespool/ (the "E-Ballot Portal"). Parties entitled to vote may submit their completed Ballot through the E-Ballot Portal. Instructions for electronic, online submission of Ballots are set forth on the forms of Ballots. The encrypted ballot data and audit trail electronic submissions create will become part of the record of any Ballot submitted in this manner and the Holder's signature contained therein will be immediately legally valid and effective.

51. The Debtors will also provide complete Solicitation Packages (***excluding*** the Ballots) to the U.S. Trustee and all other parties (not otherwise already receiving the Solicitation Packages) required to be notified under Bankruptcy Rule 2002 and Bankruptcy Local Rule 2002-1 (the "2002 List") as of the Voting Record Date. The Solicitation Packages therefore comply with Bankruptcy Rule 3017(d).

### D. The Court Should Approve the Form of the Confirmation Hearing Notice

52. The Debtors will serve the Confirmation Hearing Notice, substantially in the form attached to the Order as Exhibit 5, on all known Holders of Claims and/or Interests and the 2002 List (regardless of whether such parties are entitled to vote on the Plan) no later than the Solicitation Deadline (or as soon as reasonably practicable thereafter). The Confirmation Hearing Notice will include the following: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other

materials in the Solicitation Package (***excluding*** the Ballots) from the Solicitation Agent's website and/or the Court's website via PACER; (b) notice of the Voting Deadline and Release Election Deadline; (c) notice of the Initial Plan Supplement Deadline; (d) notice of the Confirmation Objection Deadline; and (e) the Confirmation Hearing Date and information related thereto. Accordingly, the Confirmation Hearing Notice is appropriate and in compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules.

53. "[T]he [C]ourt may order notice by publication if notice by mail is impracticable or if it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l). In addition to the foregoing distribution of the Confirmation Hearing Notice, the Debtors will submit the Publication Notice for publication within three business days following the entry of the Order, or as soon as practicable thereafter, on one occasion each in *The New York Times* (national edition) and the *Financial Times* (global edition), or any such other similar publications that the Debtors deem appropriate. The Publication Notice will provide sufficient notice of, among other things, the entry of the Order, the Voting Deadline, the Release Election Deadline, the Confirmation Objection Deadline, and the Confirmation Hearing to parties who did not otherwise receive notice thereof by other means contemplated herein. Service of the Confirmation Hearing Notice and publication of the Publication Notice comport with the requirements of Bankruptcy Rule 2002 and should be approved.

### E. The Court Should Approve the Form of the Notice of Non-Voting Status

54. As discussed above, the Non-Voting Classes are ***not*** entitled to vote on the Plan. As a result, the Debtors propose that such parties receive ***only*** the Confirmation Hearing Notice and, to the extent applicable, the applicable Notice of Non-Voting Status, which includes an Opt-Out Form or Opt-In Form, as applicable. Specifically, in lieu of the Solicitation Package, the

Debtors propose to provide the following to Holders of Claims and Interests in Non-Voting Classes and to Holders of unclassified Claims:

a. ***Unimpaired Claims—Conclusively Presumed to Accept***. Holders of Claims in Classes 1, 2, and 3A are Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. As such, Holders of such Claims will receive the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the form attached to the Order as Exhibit 4A, including an Opt-Out Form, in lieu of a Solicitation Package;

b. ***Impaired Claims or Interests—Deemed to Reject***. Holders of Interests in Class 7 and Claims in Class 8 are Impaired under the Plan and, therefore, are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code. As such, Holders of such Claims and Interests will receive the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the form attached to the Order as Exhibit 4B, including an Opt-In Form, in lieu of a Solicitation Package (which, in the case of Class 7, will be distributed through the applicable Nominees as described above);

c. ***Intercompany Claims and Interests***. Holders of Claims in Class 5 and Interests in Class 6 will not receive any solicitation materials; and

d. ***Unclassified Claims***. Holders of Administrative Claims, DIP ABL Claims, DIP Term Loan Claims, and Priority Tax Claims are not classified under the Plan and are not entitled to vote on the Plan. As such, Holders of such Claims will receive the Notice of Non-Voting Status, substantially in the form attached to the Order as Exhibit 4A, including an Opt-Out Form, in lieu of a Solicitation Package.

55. Each Notice of Non-Voting Status will include, among other things: (a) information on the recipient's status as a Holder or potential Holder of a Claim or Interest in a Non-Voting Class or of an unclassified Claim; (b) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (***excluding*** the Ballots) from the Solicitation Agent free of charge and/or on this Court's website via PACER; (c) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article IX of the Plan and the full text of the Third-Party Release; (d) an Opt-Out Form or Opt-In Form, as applicable, by which Holders

may elect to opt out of or opt in to the Third-Party Release, as applicable, by checking a prominently featured and clearly labeled box; (e) notice of the Confirmation Objection Deadline; (f) notice of the Confirmation Hearing Date; (g) information on how the Holder may submit an Opt-Out Form or Opt-In Form, as applicable, electronically via the applicable Online Portal; (h) notice of the Release Election Deadline; and (i) additional information related thereto. The Debtors will provide such Holders with paper copies of the Confirmation Hearing Notice and the applicable Notice of Non-Voting Status.

56. In addition to accepting hard-copy Opt-Out Forms and Opt-In Forms via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept completed Opt-Out Forms and Opt-In Forms submitted via the E-Ballot Portal or the public equity opt-in portal maintained by the Solicitation Agent at https://restructuring.ra.kroll.com/lesliespool/ (the "Public Equity Opt-In Portal," and, together with the E-Ballot Portal, the "Online Portals"), as applicable. Holders that receive a Notice of Non-Voting Status may submit their completed Opt-Out Forms or Opt-In Forms, as applicable, through the applicable Online Portal. Instructions for electronic, online submission of Opt-Out Forms and Opt-In Forms are set forth in the Notices of Non-Voting Status. The encrypted opt-out and opt-in data and audit trail such electronic submission creates will become part of the record of any Opt-Out Form or Opt-In Form submitted in this manner and the signatures contained therein will be immediately legally valid and effective.

57. The Debtors request that this Court waive the requirement that they distribute a copy of the Solicitation Package to Holders of Claims and/or Interests presumed to accept or deemed to reject the Plan. *See* 11 U.S.C. § 1126(f)–(g) (providing that solicitation of parties either presumed to accept or deemed to reject is unnecessary); Fed. R. Bankr. P. 3017(d) (requiring transmission of a court-approved disclosure statement to, *inter alia*, classes of unimpaired

creditors and equity security holders unless the court orders otherwise). Distributing the Solicitation Package to non-voting creditors would be time-consuming and an unnecessary expense. The Debtors' resources should be preserved for the benefit of all stakeholders and should not be diverted to satisfy a mailing requirement that will not bring a benefit to any party. Additionally, the Debtors will make the Solicitation Package (***excluding*** the Ballots) available at no cost on their chapter 11 website at https://restructuring.ra.kroll.com/lesliespool/.

58. The Debtors further request that they ***not*** be required to distribute Solicitation Packages, other solicitation materials, or a Notice of Non-Voting Status to: (a) Holders of Claims that have already been paid in full during the chapter 11 cases; (b) any party to whom the notice of this Motion was sent but was subsequently returned as undeliverable without a forwarding address; and (c) the Holders of Class 5 Intercompany Claims and Class 6 Intercompany Interests.[5] For purposes of serving the Solicitation Packages and the Notice of Non-Voting Status, the Solicitation Agent requests authority to rely on the address information for all Classes as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date.

59. Holders of Claims and/or Interests in Non-Voting Classes will have adequate time to consider the Plan and the Disclosure Statement and whether to opt out of or opt in to the releases thereunder, as applicable, before the Release Election Deadline. Accordingly, mailing the applicable Notices of Non-Voting Status in lieu of Solicitation Packages to the Holders of Claims

[5] The Debtors will not provide Holders of Class 5 Intercompany Claims and Class 6 Intercompany Interests with the Solicitation Package or any other type of notice in connection with solicitation. Pursuant to the Plan, each Holder of an Allowed Intercompany Claim shall have its Claim Reinstated or cancelled, released, and extinguished without any distribution as reasonably determined by the Debtors or Reorganized Debtors with the consent of the Required Consenting Term Loan Lenders (not to be unreasonably withheld, delayed or conditioned). Additionally, Intercompany Interests shall be Reinstated, set off, settled, distributed, contributed, cancelled, and released without any distribution on account of such Intercompany Interests, or such other treatment as reasonably determined by the Debtors with the consent of the Required Consenting Term Loan Lenders (not to be unreasonably delayed, withheld or conditioned).

and/or Interests in Non-Voting Classes complies with Bankruptcy Rule 3017(d) and, therefore, should be approved.

**F. The Court Should Approve the Solicitation Procedures**

60. Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of [section 1126 of the Bankruptcy Code], that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of [section 1126 of the Bankruptcy Code], that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

61. "An acceptance or rejection must: (A) be in writing; (B) identify the plan or plans; (C) be signed by the creditor or equity security holder—or an authorized agent; and (D) conform to [the official form]." Fed. R. Bankr. P. 3018(c). Consistent with these requirements, the Debtors propose to use the Solicitation Procedures to facilitate the process of tabulating all votes received (the "Tabulation Procedures").

62. To ease and clarify the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria. Specifically, the Tabulation Procedures set forth in the Solicitation Procedures provide that the Debtors will not count a Ballot if it is, among other things, illegible, submitted by or on behalf of a Holder of a Claim or Interest that is not entitled to vote on the Plan, unsigned, or not clearly marked. Further, the Debtors propose to retain the right to waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and will document any such waivers in the Voting Report.

63. The proposed Solicitation Procedures will facilitate the confirmation of the Plan. The Solicitation Procedures describe which Holders of Claims are entitled to vote and their Claim

amount for voting purposes, clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan, and create a straightforward process by which the Debtors can determine whether they have satisfied the requirements of section 1126(c) of the Bankruptcy Code. The Debtors' Solicitation Procedures afford all parties in interest the maximum notice and opportunity to be heard as is practicable under the circumstances, and for Holders of Claims in the Voting Classes, the greatest possible opportunity to vote on the Plan. Accordingly, the Solicitation Procedures are in the best interests of the Debtors and their estates, Holders of Claims and/or Interests, and other parties in interest.

64. Further, the Debtors request that the Solicitation Agent be authorized (to the extent not authorized by another order of this Court) to assist the Debtors in: (a) distributing the Solicitation Packages, the Confirmation Hearing Notice, and the Notices of Non-Voting Status; (b) receiving, tabulating, and reporting on the Ballots cast to accept or reject the Plan and the Opt-Out Forms and Opt-In Forms submitted; (c) responding to inquiries from Holders of Claims and/or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan, opting out of or opting in to the Third-Party Release, and objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting Holders of Claims and/or Interests regarding the solicitation materials, the Plan, and/or the Disclosure Statement. The Debtors also request that the Solicitation Agent be further authorized, but not directed or required, to contact Holders of Claims to reconcile discrepancies or cure defects with their submitted Ballot, and neither the Debtors nor the Solicitation Agent will incur any liability for failure to provide notice of such discrepancies or

defects. The Solicitation Procedures and the authorization of the Solicitation Agent's assistance therewith comply with Bankruptcy Rule 3018(c) and should be approved.

**Non-Substantive Modifications**

65. The Debtors request authorization to make non-substantive changes to the Plan, the Disclosure Statement, the Solicitation Procedures, the Ballot, the Cover Letter, the Confirmation Hearing Notice, any notices approved by the Order, and any related documents without further order of this Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Plan, the Disclosure Statement, and any other materials in the Solicitation Package prior to distribution.

**Notice**

66. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) Akin Gump Strauss Hauer & Feld LLP, as counsel to the Ad Hoc Group; (c) the agents under the Debtors' DIP Facilities and counsel thereto; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition Term Loan Agent; (f) the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (g) the Office of the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Internal Revenue Service; (j) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (k) any other government agencies having a regulatory or statutory interest in these chapter 11 cases; (l) counsel to the Committee; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is required.

[*Remainder of page intentionally left blank*]

The Debtors respectfully request entry of the Order, granting the relief requested herein and such other relief as the Court deems appropriate.

Houston, Texas
October 20, 2026

/s/ *Charles A. Beckham, Jr.*

**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Kelli S. Norfleet (TX Bar No. 24070678)
Kourtney P. Lyda (TX Bar No. 24013330)
Re'Necia Sherald (TX Bar No. 24121543)
Imaan Patel (TX Bar No. 24139247)
1221 McKinney St.
Ste. 4000
Houston, TX 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
kelli.norfleet@haynesboone.com
kourtney.lyda@haynesboone.com
renecia.sherald@haynesboone.com
imaan.patel@haynesboone.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**SIMPSON THACHER & BARTLETT LLP**
John R. Luze (admitted *pro hac vice*)
Michael J. Koch (admitted *pro hac vice*)
167 N Green St.
Ste. 1400
Chicago, IL 60607
Telephone: (312) 449-5130
Email: jack.luze@stblaw.com
michael.koch@stblaw.com

-and-

Moshe A. Fink (admitted *pro hac vice*)
Stephanie A. Marshak (admitted *pro hac vice*)
Zachary J. Weiner (admitted *pro hac vice*)
425 Lexington Ave.
New York, NY 10017
Telephone: (212) 455-3850
Facsimile: (212) 455-2502
Email: moshe.fink@stblaw.com
stephanie.marshak@stblaw.com
zachary.weiner@stblaw.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

I certify that, on the date hereof, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

Dated: Houston, Texas
October 20, 2026

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr.