**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LESLIE'S, INC., *et al.*,[1] | ) | Case No. 26-90795 (ARP) |
| Debtors. | ) | (Jointly Administered) |

**DEBTORS' EMERGENCY MOTION TO SHORTEN OBJECTION AND NOTICE PERIODS REGARDING THE DISCLOSURE STATEMENT**

**Emergency relief has been requested. Relief is requested not later than 9:00 a.m. (prevailing Central Time) on October 27, 2026.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on October 27, 2026, at 9:00 a.m. (prevailing Central Time) in Courtroom 400, 4th Floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Pérez's homepage. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Pérez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/lesliespool/. The location of Debtor Leslie's, Inc.'s corporate headquarters and the Debtors' service address in these chapter 11 cases is 2005 East Indian School Road, Phoenix, AZ 85016.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion (this "Motion"):[2]

**Jurisdiction and Venue**

1. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, 2012 U.S. Dist. LEXIS 197295 (S.D. Tex. May 24, 2012). This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and rules 2002, 3017, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Relief Requested**

4. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (i) shortening the 28-day notice period under (A) Bankruptcy Rule 2002(b) with respect to the Disclosure Statement Objection Deadline and (B) Bankruptcy Rules

[2] A description of the Debtors, their business, and the facts and circumstances supporting this Motion and the Debtors' chapter 11 cases is set forth in greater detail in the *Declaration of Jeff White, Chief Financial Officer of Leslie's, Inc. in Support of the Chapter 11 Petitions and the First Day Motions* [Docket No. 5] (the "First Day Declaration"). Contemporaneously with this Motion, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan, (III) Approving the Form of Ballot and Notices in Connection Therewith, (IV) Scheduling Certain Dates With Respect Thereto, and (V) Granting Related Relief* [Docket No. [•]] (the "Disclosure Statement Motion"). Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration or the Disclosure Statement Motion, as applicable.

2002(b) and 3017(a) with respect to the Disclosure Statement Hearing and (ii) granting related relief.

**Background**

5. The Debtors are the largest direct-to-consumer brand in the pool and spa care industry in the United States, operating, as of the Petition Date, approximately 900 retail locations across 38 states, a robust digital commerce platform, and a professional services division. As detailed in the First Day Declaration and the Disclosure Statement, the Debtors faced significant financial and operational headwinds over the past several years, which resulted in deteriorating profitability and severe liquidity constraints. After exhausting operational and cost-reduction alternatives, and with a highly leveraged capital structure comprising approximately $810 million in aggregate funded indebtedness, the Debtors commenced these chapter 11 cases to significantly deleverage their balance sheet, optimize their retail store footprint, and emerge as a going concern positioned for long-term viability.

6. After months of good-faith, arm's-length negotiations among the Debtors, their advisors, and an ad hoc group of holders of Prepetition Term Loan Claims (the "Ad Hoc Group"), the parties reached an agreement on the value-maximizing restructuring framework as set forth in the Restructuring Support Agreement (the "RSA"), executed on September 30, 2026, with holders of approximately 81% of the Prepetition Term Loan Claims. The RSA and the exhibits thereto lay out the terms of the Restructuring Transactions, as further described in the Plan and the related Disclosure Statement, each of which were filed substantially contemporaneously with this Motion. The RSA is designed to avoid a prolonged in-court process and includes certain milestones to ensure the Debtors proceed through these chapter 11 cases in a structured and expeditious manner towards confirmation.

7. On September 30, 2026 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). On October 14, 2026, the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors in the chapter 11 cases (the "Committee") [Docket No. 140]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

8. On October 20, 2026, the Debtors filed the Disclosure Statement Motion. Through the Disclosure Statement Motion, the Debtors seek, among other things, approval of the Disclosure Statement, the Solicitation Procedures, and a proposed confirmation schedule. Further, the Debtors seek approval of the following Disclosure Statement Objection Deadline and setting for the Disclosure Statement Hearing:

| Event | Date | Description |
|---|---|---|
| Disclosure Statement Objection Deadline | November 10, 2026 at 4:00 p.m. (prevailing Central Time) | The deadline by which parties in interest may file objections to the adequacy of the Disclosure Statement (the "Disclosure Statement Objection Deadline"). |
| Disclosure Statement Hearing | November 13, 2026 at 4:00 p.m. (prevailing Central Time) | The date of the hearing to approve the Disclosure Statement, subject to the Court's availability (the "Disclosure Statement Hearing"). |

9. Bankruptcy Rule 2002(b) requires "at least 28 days' notice" of "the time to file an objection and the time of the hearing to [] consider approving a disclosure statement . . ." Fed. R. Bankr. P. 2002(b). Similarly, Bankruptcy Rule 3017(a) requires "at least 28 days' notice" of "a hearing on a disclosure statement." Fed. R. Bankr. P. 3017(a). Bankruptcy Rule 9006(c), however, allows the Court to reduce these 28-day notice periods "for cause." *See* Fed. R. Bankr. P. 9006(c) (omitting Bankruptcy Rules 2002(b) and 3017(a) from the expressly enumerated notice periods

that may not be shortened); *see also In re Holland*, 85 B.R. 735, 737 (Bankr. W.D. Tex. 1988) ("[I]f the drafters of the Bankruptcy Rules had intended to prohibit courts from reducing the … time period in Bankruptcy Rule 2002(b), they would simply have included it…").

10. The Debtors request a reasonable reduction of the 28-day notice period that Bankruptcy Rules 2002(b) and 3017(a) customarily require. If the Court grants the Motion, parties in interest would receive approximately three (3) weeks' notice of the Disclosure Statement Objection Deadline and the Disclosure Statement Hearing.

11. There is cause to shorten the 28-day period. *First*, it is critical to the Debtors' go-forward business that the Debtors implement the Restructuring Transactions by the end of calendar year 2026. As outlined in the First Day Declaration, the beginning of each calendar year is the Debtors' primary inventory-building period. By implementing the Restructuring Transactions by the end of 2026, the Debtors will be able to enter the upcoming inventory buying season as reorganized entities, which will best position the Debtors for success during that all-important period.[3] If the Disclosure Statement Hearing does not take place by November 13, 2026, the relevant confirmation timeline deadlines will slip, which will jeopardize the Debtors' ability to expeditiously exit chapter 11 and obtain more favorable terms with vendors as reorganized Debtors.

12. *Second*, although exiting chapter 11 by year-end remains an important business objective, January 8, 2027 is the outside milestone for entry of the confirmation order under the RSA. Shortening the 28-day notice period will preserve the Debtors' ability to satisfy that milestone while still advancing their business objective of emerging from chapter 11 before the upcoming inventory buying season.

[3] *See* First Day Declaration, ¶ 42.

13. *Third*, the reduction in notice and the objection period will not prejudice parties in interest. The Plan, the Disclosure Statement, and the Disclosure Statement Motion will be served on the relevant parties in interest and will also be available free of charge on the Debtors' restructuring website at https://restructuring.ra.kroll.com/lesliespool/. Parties will have approximately three (3) weeks to review the Disclosure Statement and the Disclosure Statement Motion prior to the Disclosure Statement Objection Deadline. The Debtors' shortened notice period also ensures that the remainder of the confirmation schedule may proceed without shortened solicitation or voting periods and without a shortened objection period regarding confirmation of the Plan.

14. Ultimately, all parties in interest will benefit from the confirmation of the Plan on the Debtors' proposed timeline because it will maximize the Debtors' ability to successfully run their business on a go-forward basis. For these reasons, there is cause for the Court to modify the 28-day notice period.

**Emergency Consideration**

15. Pursuant to Local Rule 9013-1, the Debtors request emergency consideration of this Motion. Emergency relief is warranted under the circumstances described herein because the Debtors seek to implement the Disclosure Statement Objection Deadline and set the Disclosure Statement Hearing less than 28 days after the filing of the Disclosure Statement. Emergency consideration and approval will allow the Debtors to promptly notify parties of the Disclosure Statement Objection Deadline and the Disclosure Statement Hearing so that such parties may review the Disclosure Statement accordingly. Absent emergency consideration, the Debtors may be unable to obtain confirmation of the Plan before the end of 2026, thereby jeopardizing the

Debtors' ability to satisfy the milestones under the RSA and exit chapter 11 in time for the inventory buying season in early 2027.

**Notice**

16. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) Akin Gump Strauss Hauer & Feld LLP, as counsel to the Ad Hoc Group; (c) the agents under the Debtors' DIP Facilities and counsel thereto; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition Term Loan Agent; (f) the entities listed as holding the 30 largest unsecured claims against the Debtors (on a consolidated basis); (g) the Office of the United States Attorney for the Southern District of Texas; (h) the state attorneys general for states in which the Debtors conduct business; (i) the Internal Revenue Service; (j) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (k) any other government agencies having a regulatory or statutory interest in these chapter 11 cases; (l) counsel to the Committee; and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no further notice is required.

The Debtors respectfully request entry of the Order, granting the relief requested herein and such other relief as the Court deems appropriate.

Houston, Texas
October 20, 2026

/s/ *Charles A. Beckham, Jr.*
**HAYNES AND BOONE, LLP**
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Kelli S. Norfleet (TX Bar No. 24070678)
Kourtney P. Lyda (TX Bar No. 24013330)
Re'Necia Sherald (TX Bar No. 24121543)
Imaan Patel (TX Bar No. 24139247)
1221 McKinney St.
Ste. 4000
Houston, TX 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
kelli.norfleet@haynesboone.com
kourtney.lyda@haynesboone.com
renecia.sherald@haynesboone.com
imaan.patel@haynesboone.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**SIMPSON THACHER & BARTLETT LLP**
John R. Luze (admitted *pro hac vice*)
Michael J. Koch (admitted *pro hac vice*)
167 N Green St.
Ste. 1400
Chicago, IL 60607
Telephone: (312) 449-5130
Email: jack.luze@stblaw.com
michael.koch@stblaw.com

-and-

Moshe A. Fink (admitted *pro hac vice*)
Stephanie A. Marshak (admitted *pro hac vice*)
Zachary J. Weiner (admitted *pro hac vice*)
425 Lexington Ave.
New York, NY 10017
Telephone: (212) 455-3850
Facsimile: (212) 455-2502
Email: moshe.fink@stblaw.com
stephanie.marshak@stblaw.com
zachary.weiner@stblaw.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Service**

I certify that, on the date hereof, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

Dated: Houston, Texas
October 20, 2026

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr.